

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHRISTOPHER WALLACE,

                       Plaintiff,

      -against-

CITY OF NEW YORK, DEPARTMENT OF
EDUCATION,

                      Defendant.
-----------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

20-CV-1424 (KPF)

**WHEREAS**, Defendant intends to produce discovery in this action which Defendant deems confidential; and

**WHEREAS**, Defendant objects to the production of those documents unless appropriate protection for their confidentiality is assured,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between parties, by and through their respective undersigned counsel, as follows:

1. As used herein, "Confidential Materials" shall mean all documents provided by Defendant's counsel that are contained in the:

    a) The investigatory files of the New York City Department of Education Office of Special Investigations ("OSI") concerning the disciplinary allegations made against the Plaintiff.

    b) all documents or information concerning current or former employees of the New York City Department of Education ("DOE"), including current or former employees of DOE, other than Plaintiff, including, but not limited to personnel, disciplinary, time and attendance, payroll, financial, labor relations,

investigative, or other files and the information contained therein of current or former employees of DOE

(c) proprietary, financial, confidential or otherwise personal information, documentation, or files pertaining to DOE;

(d) Plaintiff's medical records, whether provided by Plaintiff or a third party;

2. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this action

3. Plaintiff shall not disclose the Confidential Materials to any person, party or entity, except under the following conditions:

    a.    Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.

    b.    Disclosure before trial may be made to an expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential

Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiff and a copy shall be furnished to Defendant's attorneys upon its request.

4. There are two methods by which Defendant may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be as designated as "Confidential."

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. Documents and/or materials produced in this action that are not identified as Confidential Materials when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by Defendant by providing written notice to Plaintiff's counsel and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Materials that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order

7. If any party seeks to file in this Court a document which incorporates any Confidential Materials or reveals the contents thereof in hard copy, those portions of the papers

shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Material, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

9. The Parties agree to the following regarding production of Protected Material:

a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.

b. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

c. Upon receiving a Clawback Demand, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within five (5) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

d. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

e. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

f. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

g. The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

10. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

11. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

12. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

13. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers.  Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

14. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

15. Within thirty (30) days after the termination of this case, including any appeals, and thirty (30) days after written request by Defendant to Plaintiff's counsel, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned by Plaintiff to the Defendant's counsel.

16. It is further agreed between the parties that Defendant shall redact from any and all files provided by Defendant the following: a. all personal identifying information of minor students as required by 20 U.S.C. 1232g(b)(2)(B).

17. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant's use of the Confidential Materials to the extent permitted by law.

Dated:      New York, New York
            September 25, 2020

| | |
|---|---|
| Justin S. Clark, Esq.<br>Levine & Blit, PLLC<br>Attorney for Plaintiff<br>350 Fifth Avenue, Suite 4020<br>New York, NY 10118<br>Tel. (212) 967-3000 | JAMES E. JOHNSON<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendant<br>100 Church Street, Room 2-109(d)<br>New York, New York 10007<br>Tel:  (212) 356-0879<br>myaqoob@law.nyc.gov |
| By: _____<br>     Justin S. Clark, Esq. | By:      /s/_____<br>     M. Adil Yaoqob<br>     Assistant Corporation Counsel |

```
Application GRANTED.  This confidentiality agreement does not bind the
Court or any of its personnel.  The Court can modify this stipulation at
any time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this litigation.
Any party wishing to make redacted or sealed submissions shall comply
with Rule 6(A) of this Court's Individual Rules of Civil Procedure.
```

Dated:      September 29, 2020          SO ORDERED.
            New York, New York

                                        *Katherine Polk Failla*

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2020 in the action entitled <u>Wallace v. City of New York, Department of Education et al.</u>, 20 Civ. 1424 (KPF), or has been advised of its provisions or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation